## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROSEMARY KURTZ** | : |
| **306A E. Marshall Street** | |
| **P.O. Box 623** | : |
| **Middleburg, VA 20118** | |
| | : |
| **Plaintiff,** | |
| | : |
| **v.** | |
| | : |
| **UBER TECHNOLOGIES, INC., aka** | |
| **RASIER LLC, aka RASIER-CA LLC,** | : |
| **aka RASIER-DC LLC** | **Civil Action No.** |
| | : |
| **Serve:  CT Corporation System** | |
| **Registered Agent** | : |
| **1015 15th Street, NW, Suite 1000** | |
| **Washington, DC 20005** | : |
| | |
| **and** | : |
| | |
| **TSEHAY ASSETA BADEG** | : |
| **20012 Doolittle Street** | |
| **Montgomery Village, MD 20886** | : |
| | |
| **Defendants.** | : |

### COMPLAINT FOR DAMAGES
**(Automobile Collision: Negligence and Negligence *Per Se*;**
**Negligent Hiring/Training/Supervision)**

### JURISDICTION AND VENUE

1.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy which exceeds $75,000.

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as the cause of action arose in the District of Columbia.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## PARTIES

3.      Plaintiff Rosemary Kurtz is an adult resident of Virginia.

4.      Upon information and belief, Defendant Uber Technologies, Inc., aka Raiser LLC. Ala Rasier-CA LLC, aka Rasier-DC LLC ("Defendant Uber") is a company licensed to operate in the District of Columbia and conducts business in the District of Columbia.

5.      Upon further information and belief, Defendant Uber is not incorporated in Virginia and does not have its principal place of business in Virginia.

6.      Upon information and belief, Defendant Tsehay Asseta Badeg ("Defendant Tsehay") is an adult resident of the state of Maryland.

7.      At the time of the collision, Defendant Badeg was an employee, agent, and/or servant of Defendant Uber, and was acting within the course and scope of her employment.

8.      Defendant Uber is vicariously liable for the tortious acts and/or omissions committed by Defendant Badeg, which directly and proximately caused serious and permanent injuries to Plaintiff.

## FACTS

9.      On February 4, 2019 at approximately 6:15 p.m., Plaintiff Rosemary Kurtz was walking in a marked pedestrian crosswalk and crossing from the south to the north side on Rhode Island Avenue, N.W., in Washington, DC.

10.     At the same time and place referenced in the preceding paragraph, Defendant Badeg was operating her vehicle and was traveling eastbound in the 1600 block of Rhode Island Avenue, NW, Washington D.C.

11.     Defendant Badeg failed to yield the right of way to the Plaintiff and struck the Plaintiff with her front right passenger side bumper, knocking the Plaintiff to the ground.

12.     The force of the collision violently knocked Plaintiff to the ground on her right side. Defendant Badeg then ran over the Plaintiff's right foot and Plaintiff wound up under Defendant Badeg's vehicle. Defendant finally stopped her vehicle after running over Plaintiff.

13.     Defendant Badeg was cited by responding police officers for failure to lawfully yield to a pedestrian in a marked pedestrian crosswalk.

14.     Plaintiff was transported to the hospital where she was treated for her serious injuries and admitted to the hospital.

15.     As a result of the collision, Plaintiff suffered numerous severe and permanent injuries, including but not limited to, several fractures on her right foot, fractured ulna bone (surgery was required to attach a plate to the ulner bone), detached triceps tendon, nerve damage to two fingers and on the side of Plaintiff's right hand, and numerous bruises and contusions.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT I
### (Automobile Collision—Negligence and Negligence *Per Se*: Defendant Uber Technologies, Inc. and Defendant Tsehay Badeg)

16.     Plaintiff incorporates, by reference, the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

17.     Plaintiff alleges that at all relevant times herein, Defendant Badeg owed Plaintiff a duty to operate her vehicle in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in existence.

18.     Plaintiff further alleges Defendant Badeg breached the duties owed as set forth in the preceding paragraph.

19.     Plaintiff alleges that Defendant Badeg's breaches of the duties owed to Plaintiff include but are not limited to the following:

> a.     failure to yield to a pedestrian;
>
> b.     failure to yield to a pedestrian in a marked pedestrian crosswalk;
>
> c.     failure to pay full time and attention to the operation of her motor vehicle;
>
> d.     driving recklessly and/or carelessly;
>
> f.     failure to appropriately check her surroundings to make sure it was safe to cross the marked pedestrian crosswalk on Rhode Island Avenue; and,
>
> g.     in otherwise failure to adhere to the applicable traffic and safety laws then and there in effect.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

20.     Plaintiff further alleges that Defendant Badeg violated traffic safety provisions which were in full force and effect in the District of Columbia at the time of the collision.

21.     By violating applicable District of Columbia safety regulations, including those regulations dictating right-of-way rules, Defendant Badeg was negligent per se.

22.     In particular, Plaintiff alleges that Defendant Badeg was negligent per se in violating Title 18, Chapter 2208.2 of the District of Columbia Municipal Regulations.

23.     As a direct and proximate cause of Defendant Badeg's negligence, Plaintiff suffered numerous severe and permanent injuries, including, but not limited to, several fractures on her right foot, fractured ulna bone (surgery was required to attach a plate to the ulner bone), detached triceps tendon, nerve damage to two fingers and on the side of Plaintiff's right hand, and numerous bruises and contusions, all of which have resulted in severe and permanent disability.

24.     As a further direct and proximate cause of Defendant Badeg's negligence, Plaintiff has incurred, and will continue to incur, substantial expenses for medical care and attention, has suffered and/or will continue to suffer a loss of wages and/or loss of wage-earning capacity, and has incurred other financial expenses and losses directly associated with her severe injuries and permanent disability.

25.     As a further direct and proximate result of Defendant Badeg's negligence, Ms. Kurtz has suffered and will continue to suffer severe physical pain, mental anguish, emotional distress, physical suffering and loss of enjoyment of life.

26.    Defendant Badeg's negligent acts and/or omissions were committed while she was acting as an employee and/or agent of Defendant Uber.

27.    Defendant Uber is responsible pursuant to respondeat superior for the negligent acts and/or omissions of Defendant Badeg.

## COUNT II
### (Negligent Hiring/Training/Supervision: Defendant Uber Technologies, Inc.)

28.    Plaintiff incorporates by reference paragraphs 1 through 27 as if fully set forth herein, and further states that Defendant Uber was the employer of Defendant Badeg at all relevant times herein.

29.    Plaintiff further alleges that Defendant Uber had a duty to use reasonable care in the section, hiring, training, and supervision of its employees.

30.    Plaintiff further alleges that Defendant Uber breached the duties owed as set forth in the preceding paragraph.

31.    Plaintiff alleges that Defendant Uber's breaches of the duties owed to Plaintiff include but are not limited to the following: failure to hire personnel properly qualified to operate Uber vehicles in a safe and reasonable manner; failure to properly screen potential employees, including Defendant Badeg, before hiring her; hiring Defendant Badeg; failure to train Uber drivers to abide by all existing regulations; hiring dangerous drivers, including Defendant Badeg; failure to provide follow-up safety screening of employees after hiring them, including Defendant Badeg; failure to terminate Defendant Badeg prior to the incident in question; and failure to supervise while drivers are operating Uber vehicles.

32.     Defendant Uber had actual or constructive notice of such failures to properly hire, train, and supervise its employees. Defendant Uber failed to provide screening protocols, proper hiring procedures, proper training, and proper supervision,  despite an obvious need that such screening procedures, hiring protocols, training, and supervision was required. As such, Defendant Uber knew to a moral certainty that it was foreseeable that its employees and/or agents would predictably confront such situations as depicted above, and as a result of the failure to properly hire, train, and supervise, injuries to District of Columbia users of the Uber service would occur.

33.     Such failures by Defendant Uber to properly hire, screen, train and supervise amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted its employee and/or agent, Defendant Badeg, to engage in the conduct which proximately and directly caused injuries to Plaintiff.

34.     Defendant Uber knew and/or should have known that Defendant Badeg was unqualified to be a driver and was a danger to the public.

35.     As a further direct and proximate cause of Defendant Badeg's negligence, Plaintiff has incurred, and will continue to incur, substantial expenses for medical care and attention, has suffered and/or will continue to suffer a loss of wages and/or loss of wage-earning capacity, and has incurred other financial expenses and losses directly associated with her severe injuries and permanent disability.

36.     As a further direct and proximate result of Defendant Badeg's negligence, Ms. Kurtz has suffered and will continue to suffer severe physical pain, mental anguish, emotional distress, physical suffering and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant Uber Technologies, Inc. and Defendant Tsehay Asseta Badeg, jointly and severally, in the full and just amount of Five Million Dollars ($5,000,000.00), plus interest and costs.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI LONG PLLC


By:  */s/ Patrick M. Regan*
Patrick M. Regan      #336107
pregan@reganfirm.com
Christopher J. Regan    #1018148
cregan@reganfirm.com
1919 M Street NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030